**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KIRSHA BROWN,

        Plaintiff,

v.                                              Case No: 6:17-cv-1521-Orl-40KRS

FAMILY DOLLAR CORPORATION and
DOLLAR TREE CORPORATION,

        Defendants.
                                 /

## **ORDER**

This cause is before the Court on Defendant Dollar Tree Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint, or Alternatively, Motion to Strike (Doc. 37), filed March 14, 2018. *Pro se* Plaintiff Kirsha Brown filed a memorandum in opposition (Doc. 39), to which Defendant Dollar Tree Corporation replied (Doc. 44). With briefing complete, this matter is ripe. Upon consideration, Defendant Dollar Tree's Motion is due to be granted.

**I.    BACKGROUND**

Plaintiff Kirsha Brown brings this action against Defendants, Family Dollar Corporation ("**Family Dollar**") and Dollar Tree Corporation ("**Dollar Tree**"), for injuries arising out of a June 20, 2017, visit to the Family Dollar store (the "**Store**") at 918 West Colonial Drive, Orlando, Florida. (Doc. 36, p. 2 ("**Second Amended Complaint**" or "**SAC**")). Plaintiff claims that as she walked past the Store, Darlene Liksy, a Family Dollar employee, began filming her with a cellphone. (*Id.* at p. 4). When Plaintiff asked why she was being filmed, Liksy shoved her. (*Id.*). Then, Lindsay Jackson, another Family Dollar

employee, threatened to shoot Plaintiff if she did not leave. (*Id.*). To make matters worse, Desiree Willis, yet another Family Dollar employee, retrieved a wooden bat from the Store and approached Plaintiff. (*Id.*). During the ensuing altercation, Liksy and Jackson punched Plaintiff, and Willis clubbed Plaintiff in the head with the bat. (*Id.*). The police were eventually called and Plaintiff was able to escape. (*Id.*).

Plaintiff was diagnosed with a "Soft Tissue Laceration" from the attack. (*Id.*). On June 20, 2017, emergency physicians recommended Plaintiff "undergo a stable [sic] procedure for [her] head injury." (*Id.*). Plaintiff has also experienced hair loss, pain, irritation, and scarring since the incident. (*Id.* at pp. 4–5).

Although Plaintiff's alleged attackers were Family Dollar employees, Plaintiff names Dollar Tree as Defendant because Dollar Tree owns and controls Family Dollar. (*Id.* at p. 2). The Second Amended Complaint alleges five Counts against Defendants Family Dollar and Dollar Tree, jointly. (*Id.* at pp. 2–3). Counts I–III are styled "Negligence Counts," but aver three criminal offenses "committed against Plaintiff:" aggravated battery, felony battery, and misdemeanor assault.[1] (*Id.*). Counts IV and V allege claims for civil battery and civil assault. (*Id.* at p. 3).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

---

[1] The Court notes that, as a general matter, private parties may not enforce criminal infractions.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

#### A. Plaintiff's Claims Against Dollar Tree

Defendant Dollar Tree moves to dismiss the claims asserted against it in the SAC because Plaintiff has not pleaded a basis for Dollar Tree's liability. (Doc. 44).

Parent corporations are generally not liable for their subsidiaries' acts. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Corporations are separate, free-standing legal entities, "thus, th[e] separate corporate form cannot be disregarded." *Molenda v.*

*Hoechst Celanese Corp.*, 60 F. Supp. 2d 1294, (S.D. Fla. 1999). However, the corporate form may be set aside—and the veil pierced—in rare circumstances.

A parent corporation may be held liable for the actions of its subsidiary if the "subsidiary is deemed to be a '*mere instrumentality*' of the parent." *Federated Title Insurers, Inc. v. Ward*, 538 So. 2d 890, 891 (Fla. 4th DCA 1989) (emphasis added).

> For a subsidiary to be considered a mere instrumentality of a parent corporation, there must be: (1) control of the parent over the subsidiary "to the degree that it is a mere instrumentality[,]" (2) parent committed fraud or wrongdoing through its subsidiary[, and] (3) unjust loss or injury to a claimant, such as when the subsidiary is insolvent. A mere instrumentality finding is rare.

*Id.* (internal citation omitted); *see also SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 800 (11th Cir. 2005) ("Florida law allows a party to pierce the corporate veil and hold a parent corporation liable for its subsidiary's actions if it can demonstrate first, 'that the subsidiary was a mere instrumentality of the parent,' and second, 'that the parent engaged in improper conduct through its organization or use of the subsidiary.'" (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1320 (11th Cir. 1998))).

The wrongdoing element is satisfied where "the corporation was a mere device or sham to accomplish some ulterior purpose . . . or when the purpose is to evade some statute or to accomplish fraud or illegal purpose." *Johnson Enters.*, 162 F.3d at 1320; *see also Lipsig v. Ramlawi*, 760 So. 2d 170, 187 (Fla. 3d DCA 2000) ("[U]nless there is a showing that a corporation was formed, or at least employed, for an unlawful or improper purpose—as a subterfuge to mislead or defraud creditors, to hide assets, to evade the requirements of a statute or some analogous betrayal of trust, the corporate veil cannot be pierced.").

The Court finds that the SAC must be dismissed against Dollar Tree because it fails to allege a basis for piercing the corporate veil. *See Ward*, 538 So. 2d at 891. Dollar Tree's ownership of Family Dollar, without more, is insufficient to impose liability on Dollar Tree for Family Dollar's obligations. Plaintiff merely alleges that Dollar Tree owns and controls Family Dollar (Doc. 28, p. 2), and fails to allege facts establishing a plausible basis to pierce the corporate veil. The SAC is therefore due to be dismissed against Defendant Dollar Tree.

### B. Signature and 3.01(g) Certificate

In response to Defendant Dollar Tree's Motion to Dismiss, Plaintiff makes two additional complaints: (1) that the Motion to Dismiss was "not signed by opposing Counsel [as required by Fed. R. Civ. P. 11(a)], instead there is only a printed name at the bottom;" and (2) Defense Counsel failed to meet and confer before filing the Motion to Dismiss pursuant to Local Rule 3.01(g). (Doc. 39, pp. 3–4). However, Defense Counsel's electronic signature was sufficient,[2] and Local Rule 3.01(g) does not require a defendant to confer before filing a motion to dismiss.[3]

### C. Service of Process

To date, Plaintiff has failed to effect service of process on Defendant Family Dollar (Doc. 17), although Plaintiff represents in her most recent filing that she has identified Family Dollar's registered agent (Doc. 39, pp. 2–3). The Court will address the service of process issues by separate Order.

---

[2] *Pipino v. Delta Air Lines, Inc.*, No. 15-cv-80330, 2016 WL 2856003, at *3 (S.D. Fla. May 13, 2016).

[3] "Before filing any motion in a civil case, *except . . . to dismiss . . .*, the moving party shall confer with counsel for the opposing party . . . ." Local Rule 3.01(g).

**IV. CONCLUSION**

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Dollar Tree Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 37) is **GRANTED**;

2. The Second Amended Complaint (Doc. 36) is **DISMISSED WITH PREJUDICE** against Defendant Dollar Tree Corporation; and

3. The Clerk of Court is **DIRECTED** to terminate Defendant Dollar Tree Corporation from the docket.

**DONE AND ORDERED** in Orlando, Florida on May 15, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties